# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER RAYMOND COKER, | Civil No. 05-1166 (JRT/RLE) |
| Petitioner, | |
| v. | ORDER ADOPTING THE REPORT AND RECOMMENDATION |
| DEAN MOONEY, Director of the Minnesota Sex Offender Program, | |
| Respondent. | |

Christopher Raymond Coker, 1111 Highway 73, Moose Lake, MN 55767, petitioner *pro se*.

John L. Kirwin, Assistant Hennepin County Attorney, **OFFICE OF THE HENNEPIN COUNTY ATTORNEY**, A-2000 Government Center, 300 South Fourth Street, Minneapolis, MN, 55487, for respondent.

Petitioner Christopher Raymond Coker ("Coker") is currently confined for treatment and public protection at the Minnesota Sex Offender Program ("MSOP"), in Moose Lake, Minnesota. Coker brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated January 30, 2006, United States Magistrate Judge Raymond Erickson recommended that Coker's federal application for habeas corpus relief be dismissed as untimely. This matter is now before the Court on Coker's objection to the Magistrate Judge's Report and Recommendation. The Court conducted a *de novo* review of plaintiff's objections

pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  As explained below, the Court overrules plaintiff's objections and adopts the Report and Recommendation.

## BACKGROUND

Coker was civilly committed as a sexually dangerous person ("SDP") on December 27, 1999, by the Minnesota District Court for the Fourth Judicial District.  The trial court properly held a review hearing within ninety days of its initial decision to commit Coker.  Because Coker still met the criteria for civil commitment, his commitment was made indeterminate.  On October 31, 2000, the Minnesota Court of Appeals affirmed the trial court's decision.  *See In re Civil Commitment of Coker*, 2000 WL 1617874 (Minn. Ct. App. Oct. 31, 2000).  Coker did not file a petition for direct review by the Minnesota Supreme Court, so his conviction became final on November 30, 2000.

Coker waited more than two years to file his first habeas petition with the state district court.  In his petition dated December 10, 2002, Coker loosely argued that the standard under which he was committed violated the United States Constitution.  The state district court denied habeas on March 13, 2003, and Coker did not appeal this decision. Rather, Coker filed a second habeas petition with the same court six months later, asserting a right to a jury trial in commitment proceedings under the Minnesota Constitution.  On December 10, 2003, the state court denied Coker's second petition,

noting that the Minnesota Supreme Court rejected Coker's argument when posed by an earlier plaintiff.[1]

Coker timely appealed the denial of his petition. In doing so he claimed the right to a jury trial based on the Minnesota Constitution as well as the Fifth, Seventh and Fourteenth Amendments of the United States Constitution. Coker later filed a supplemental memorandum contending that Minnesota law also violates the Equal Protection Clause of the United States Constitution by providing a jury in criminal trials but not civil commitment proceedings. The Minnesota Court of Appeals affirmed the state court without addressing Coker's newly asserted claims under the United States Constitution. Coker appealed to the Minnesota Supreme Court on February 17, 2004, but the Minnesota Supreme Court denied his petition. On August 20, 2004, Coker petitioned the United States Supreme Court for certiorari, and the Supreme Court denied certiorari on December 6, 2004.

On June 15, 2005, Coker instituted the present federal habeas proceeding, again contending that he is entitled to a jury trial under the Minnesota Constitution and the United States Constitution.

## ANALYSIS

### I.    Timeliness of Coker's Habeas Petition

The Court must first determine whether Coker's habeas petition is timely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

---

[1] *See State ex rel. Pearson v. Probate Court*, 287 N.W. 297, 202 (Minn. 1939).

year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). The statute of limitations on § 2254 petitions runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The time limitation applies to individuals who are civilly committed as well as persons held under criminal conviction. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001).

The statute tolls, however, while state post-conviction relief proceedings are pending. 28 U.S.C. § 2244(d)(2). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000). State proceedings are not pending during the time between the end of direct review and the date an application for state post-conviction relief is filed. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). Accordingly, if a petitioner fails to initiate state proceedings until after the one-year statute of limitations expires, then the state post-conviction proceedings will not toll the statute of limitations, because there is no federal limitations period remaining to toll. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

As set forth above, Coker's conviction became final on November 30, 2000, and he thereafter had one year to initiate state post-conviction proceedings in order to toll the federal limitations period. Coker did not, however, initiate any state court post-conviction proceedings until December 10, 2002, over two years later. Therefore, by the time Coker filed his first state court application for post-conviction relief on

December 10, 2002, there was no federal limitations period remaining to toll. *Id.* Because Coker filed his federal habeas petition after the deadline, his petition is barred by the statute of limitations. The Court need not reach the merits of his asserted grounds for relief.[2]

### 2.  **Certificate of Appealability**

The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide this petition differently as the Court dismisses the application on the basis that it was not timely filed. No reasonable jurist could find this issue debatable. For this reason, the Court declines to grant a Certificate of Appealability.

---

[2] In the conclusion of his petition for writ of habeas corpus, Coker asks this Court to "remand" his case to the Minnesota Supreme Court for a ruling on the constitutionality of civil commitments without the right to a jury trial. As an initial matter, only cases that were initially filed in state court, and then removed to federal court, may be remanded to the state court. *See, e.g.*, 28 U.S.C. §§ 1441, 1447. Coker filed the instant action in the United States District Court; therefore, this Court may not "remand" the case to the Minnesota Supreme Court. *Id.* Further, the Court also notes that the Minnesota Supreme Court has already addressed Coker's requested interpretation of the state constitution. *See State ex rel. Pearson*, 287 N.W. at 202 (rejecting claim that Minnesota Constitution guaranteed a jury trial in psychopathic personality commitment cases).

- 6 -

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Coker's Petition for Habeas Corpus [Docket No. 1] is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

2. For purposes of appeal, the Court does not grant a certificate of appealability.

3. The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2006  
at Minneapolis, Minnesota.

        s/John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge